UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

VERONICA GONZALES and ANGELA
GONZALEZ,

                              Plaintiffs,                **MEMORANDUM & ORDER**
                                                                                 12-CV-06304 (MKB)

                              v.

GAN ISRAEL PRE-SCHOOL, RABBI MOSHE
KATZMAN and COMMUNICATIONS
CAPITAL GROUP 1, LLC,

                              Defendants.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiffs Veronica Gonzalez and Angela Gonzalez commenced the above-captioned action on December 21, 2012, against Defendants Gans Israel Pre-School, Rabbi Moshe Katzman and Communications Capital Group 1, LLC. (Docket No. 1.) Plaintiffs allege violations of the Fair Labor Standards Act ("FLSA"), 28 U.S.C. § 201 *et seq.*, the New York Labor Law ("NYLL") §§ 190 and 633 *et. seq.*, and the New York Codes, Rules and Regulations ("NYCRR") § 146–1.6. Defendants failed to appear in this action. (Docket Entry No. 11.) Plaintiffs sought and obtained notices of default against all Defendants. (Docket Entry No. 9.) Plaintiffs subsequently moved for default judgments. (Docket Entry No. 12.) By Report and Recommendation dated February 5, 2014 ("R&R"), Magistrate Judge Vera M. Scanlon recommended that the Court grant in part and deny in part Plaintiffs' motion for default judgments. Judge Scanlon recommended that the Court (1) dismiss Capital Communications Group 1, LLC from the action entirely, (2) deny Plaintiffs' NYCRR claims, (3) deny Plaintiffs' FLSA claims with leave to refile, (4) grant Angela Gonzalez's NYLL claims as to liability with

respect to § 191(1)(a) and § 652(1), and damages pursuant to § 663, (5) grant Veronica Gonzalez's NYLL claim as to liability with respect to § 191(1)(d), deny said claim with respect to § 652(1), and grant damages pursuant to § 198(1-a), and (6) grant attorneys' fees and costs. (Docket Entry No. 25.)

Judge Scanlon recommended that default judgments be entered against Gans Israel Pre-School and Moshe Katzman as follows: (1) in favor of Angela Gonzalez for $20,324.90 ($8,536.00 in underpayment of minimum wage, plus $3,252.90 in prejudgment interest, calculated up to the date of Judge Scanlon's R&R, plus $8,536.00 in liquidated damages), plus $2.10 in additional prejudgment interest for every day from the date of Judge Scanlon's R&R, February 5, 2014, through the entry of judgment; (2) in favor of Veronica Gonzalez for $22,961.79 ($15,075.00 in unpaid wages, plus $4,118.04 in prejudgment interest, calculated up to date of Judge Scanlon's R&R, plus $3,768.75 in liquidated damages), plus $3.72 in additional prejudgment interest for every day from the date of Judge Scanlon's R&R, February 5, 2014, through the entry of judgment; and (3) attorneys' fees and costs in the amount of $10,741.22. (*Id.*) No objections were filed.

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" *Sepe v. New York State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Almonte v. Suffolk Cnty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or

omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's Report and Recommendation if the party fails to file timely objections designating the particular issue.").

The Court has reviewed the unopposed R&R, and, finding no clear error, the Court adopts Judge Scanlon's R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1). Plaintiffs are to refile their FLSA claims within thirty days from the date of this order. Failure to do so will result in the dismissal of the FLSA claims in accordance with Judge Scanlon's R&R. The Clerk of the Court is directed to enter default judgments in the amounts set forth above.

SO ORDERED:

s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: March 14, 2014
      Brooklyn, New York